UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| DENZEL HENSLEY | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-445 |
| | ) | |
| MAJOR BRENDA HENSLEY | ) | |


## MEMORANDUM and ORDER


Pro se prisoner Denzel Hensley brings this civil rights action under 42 U.S.C. § 1983, seeking damages and injunctive relief and alleging that he is being subjected to unconstitutional conditions of confinement. Since the plaintiff is an inmate in custody at the Sullivan County Detention Center (SCDC), he is ASSESSED the civil filing fee of $250.00.

The custodian of the plaintiff's inmate trust account at the SCDC is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $250.00

filing fee has been paid in full.[1]  28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The Clerk is DIRECTED to send a copy of this memorandum and order to the custodian of inmate accounts at the SCDC, to ensure compliance with the above assessment procedures.

In his complaint, the plaintiff asserts that he has spent the last month in a 10 x 6 foot punishment cell, though he was innocent of any wrongdoing; that, while he is a misdemeanant, he is housed with a violent felon; that his cell has no shower facilities and that he and inmates who have scabies and staph infections all use the same nasty shower; that, due to the misdeeds of fellow inmates, unknown officers subjected him to excessive force by spraying him with gas and pepper spray; and that he lost his trusty status for no reason. He also alleges that the SCDC is overcrowded and that, in December, he twice was denied access to the law library.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies.  42 U.S.C. § 1997e; Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998).  Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners.  Porter v.

---

[1]  Send the payments to:

Clerk, USDC
220 West Depot St., Ste 200
Greeneville, TN 37743

Nussle, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement sua sponte. Brown, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. See Shorter v. Campbell, 2003 WL 463480, *2 (6th Cir. Feb. 20, 2003).

In this case, the plaintiff has appended to his complaint a copy of a grievance concerning the denial of exercise and, arguably, being locked in a small punishment cell for two months. (Curiously, the grievance form bears another inmate's name—identified by the plaintiff as his cell mate—as the filer of the grievance. The plaintiff, by means of a handwritten note at the bottom of the form, indicates that he too turned in a grievance concerning the same problems, at the same time as his cell mate, but that, unlike his cell mate, he never received a response to his grievance.) The plaintiff further alleges that he has witnesses to the fact that he has attempted to utilize the SCDC's grievance system, but that his grievances are not answered or returned.

He, however, does not make any specific allegations as to the subject matter of the grievances he submitted or explain whether those grievances raised each and every claim alleged in his § 1983 complaint.

The Sixth Circuit has held that a complaint must be dismissed sua sponte where a

3

plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. Bey v. Johnson, U.S. App. LEXIS 7166, *4 (6th Cir. Apr. 27, 2005).

Consequently, by failing to set out any specifics in connection with his allegations that he submitted grievances, the plaintiff has not satisfied § 1997e(a)'s requirement that he exhaust his administrative remedies with regard to each and every constitutional claim raised in his complaint.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:


 s/Thomas Gray Hull
THOMAS GRAY HULL
   SENIOR U. S. DISTRICT JUDGE

4